UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Delia Alvarado, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23-cv-2842 |
| v. ) | |
| ) | Judge April M. Perry |
| Home Depot USA, Inc., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

After tripping on a hose ramp and falling at one of Home Depot USA, Inc.'s ("Home Depot") stores in Broadview, Illinois, Plaintiff Delia Alvarado filed this action against Home Depot, alleging that it is liable in common law negligence and under the Illinois Premises Liability Act, 740 ILCS 130/1 *et seq.*, for her injuries. Home Depot now moves for summary judgment. For the reasons that follow, the Court denies Home Depot's motion.

**BACKGROUND**

On May 15, 2021, Plaintiff was shopping for flowers at the Broadview, Illinois Home Depot store. Doc. 87 at 3. Plaintiff parked her car and proceeded to the garden center to shop. *Id.* While walking through the outdoor garden center and looking at flowers, Plaintiff tripped on a rubber hose ramp on the ground. *Id.* There were no warning signs in the garden center to warn customers of the hose ramp. *Id.* at 6. As a result of her fall, Plaintiff injured her right shoulder and elbow. *Id.* at 5.

On April 6, 2023, Plaintiff brought suit in the Circuit Court of Cook County, Illinois. Doc. 1-1 at 4. Plaintiff alleges in her complaint that Home Depot is liable for her injuries because it was negligent in failing to maintain the store premises in a reasonably safe condition.

Specifically, Plaintiff argues Home Depot was negligent in placing the hose ramp in the garden center, which it should have known was a tripping hazard. *Id*. at 7.

From a picture taken just after Plaintiff's fall, the black rubber hose ramp Plaintiff tripped on appears to have been just under a foot wide and several feet long, stretching from under the flower displays, across the approximately three-foot wide aisle, then back under the flower displays on the other side of the aisle. Doc. 74-4; *see also* Doc. 91; Doc. 87 at 4. The hose ramp was shaped like a speed bump, resting on the pavement and sloping upwards from the ground towards its center, elevated above the pavement a few inches, then back down toward the pavement. *Id.* At the time Plaintiff fell, the pavement was faded and light grey, with yellow lines painted diagonally across it. *Id.* Those yellow lines were intersected and covered by the black hose ramp. *Id.* The aisle Plaintiff was walking down when she tripped was the aisle closest to the parking lot. Doc. 91. There was another aisle closest to the store leading in the same direction, and that aisle was not interrupted by a hose ramp. *Id.*

On January 20, 2025, Home Depot moved for summary judgment. Doc. 72. Home Depot argues that it cannot be held liable because the hose ramp was an open and obvious hazard and it did not owe Plaintiff a duty under these facts.

## LEGAL STANDARD

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to material facts is genuine "if the evidence is such that a reasonable jury" could resolve the dispute by returning a verdict for the nonmoving party. *Id.* The moving party bears the initial responsibility of identifying "those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c). Ultimately, however, the party who bears the burden of proof on any issue may not rest on the pleadings and must affirmatively present some evidence to support its claims. *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). At the summary judgment stage, the court considers the evidence in the light most favorable to the nonmoving party. *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 690 (7th Cir. 2010).

## ANALYSIS

Under Illinois law, the "essential elements of a common law negligence cause of action are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach." *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct. 2009). "Whether a duty exists is a question of law to be determined by the court." *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018). "The four factors courts typically consider in determining whether a duty exists are: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant." *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 519 (Ill. App. Ct. 2010).

"In Illinois, the open and obvious doctrine is an exception to the general duty of care owed by a landowner." *Park v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 960 N.E.2d 764, 769 (Ill. App. Ct. 2011). This is because "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996). In cases involving such conditions, the law generally assumes that the "open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are

expected to appreciate and avoid obvious risks." *Id.* "[W]here no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law." *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014).

The parties do not dispute the physical nature of the hose ramp. The only dispute seems to be about the pavement on which it lay, but this dispute is not genuine. Plaintiff asserts that the pavement below the black ramp was, like the ramp itself, "dark, black … offering no distinction between the ramp and the surrounding surface." Doc. 85 at 8. But Plaintiff does not cite any evidence in the record supporting this assertion. The photographic evidence both parties reference clearly depicts a contrast between the black ramp and the light grey pavement below it. Moreover, the diagonal lines of yellow paint on the pavement are cut off by the black hose ramp, adding to the visual distinctiveness of the hose ramp. Plaintiff does not dispute that the photograph is representative of the nature of the pavement or ramp, nor does Plaintiff present evidence suggesting an alternate physical condition. Rather, Plaintiff perplexingly insists that this same photographic evidence depicts a ramp wholly camouflaged by the ground below it. The Court does not believe that a reasonable jury could agree. There being no genuine dispute as to the condition of the ramp, the Court concludes that whether it was open and obvious is a question of law.

Whether a physical hazard is open and obvious depends on whether "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Dunn v. Menard, Inc.*, 880 F.3d 899, 907 (7th Cir. 2018) (quoting *Bruns*, 21 N.E.3d at 690). This determination does not depend on the plaintiff's subjective knowledge or awareness but on whether a reasonable person confronted with the same situation would have appreciated and avoided the hazard. *Id.* at 908.

Applying this standard, the Court concludes that the ramp posed an open and obvious hazard of tripping, given the slight change in elevation created by the ramp. The law in this area of negligence makes quite clear that the reasonable person exercising ordinary perception and judgment is generally (absent circumstances not relevant here) expected to appreciate readily visible hazards, even those below their feet. *E.g.*, *Bruns*, 21 N.E.3d at 690 (affirming circuit court judgment that city had no duty to protect plaintiff from sidewalk defects consisting of a crack and uneven concrete because such defects were open and obvious and collecting cases similarly finding defects in flooring or on the ground were open and obvious); *Savage v. Ritchie Bros. Auctioneers (Am.)*, No. 10 CV 446, 2012 WL 1520710, at *3 (N.D. Ill. Apr. 30, 2012) (finding wood cribbing protruding twelve to eighteen inches into walking area open and obvious where cribbing was visible from eight to ten feet away).[1] Against this backdrop, the Court concludes that a reasonable person walking through the outdoor garden center directly toward the hose ramp, exercising ordinary perception, intelligence, and judgment, would have recognized the ramp and the risk of tripping.

The Court is not persuaded by Plaintiff's arguments that the ramp was not open and obvious because it should have been painted a more noticeable color like "safety yellow" or because Home Depot's own internal safety protocols directed that the ramp be painted yellow. Whether a condition is open and obvious does not depend on its obviousness relative to the most eye-catching option or the defendant's internal protocols, nor are such protocols generally

---

[1] The circumstances here are distinguishable from cases like *Stephen v. Home Depot U.S.A., Inc.* because here Plaintiff was not rounding a corner when she approached the hose ramp but rather approached it head on. *See* No. 18 C 130, 2020 WL 7260803, at *4 (N.D. Ill. Dec. 10, 2020) (reasoning that though plaintiff acknowledged the hose's visibility from down the aisle, plaintiff was rounding the corner as she approached and therefore a reasonable person in her position may not have seen the hose); *Herrera v. Target Corp.*, No. 07 C 2193, 2009 WL 3188054, at *6 (N.D. Ill. Sept. 30, 2009) (reasoning that whether employee's foot sticking out into aisle was open and obvious was a question for the jury where there was a dispute as to whether it was placed there just as plaintiff rounded the corner of the aisle).

sufficient to establish liability. *See Rhodes v. Illinois Cent. Gulf R.R.*, 665 N.E.2d 1260, 1272 (Ill. 1996) ("Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines.") (collecting cases). Thus, it is not material that the ramp could have been painted yellow and should have been according to Home Depot's own protocols.

That the hose ramp was an open and obvious hazard does not end the Court's inquiry. There are two exceptions to the open and obvious rule. These exceptions apply to cases where even though the hazard is open and obvious, it is reasonably foreseeable that patrons likely will be harmed and therefore the defendant still owes a duty to the plaintiff. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 908 (7th Cir. 2018). The first exception is the deliberate encounter exception. The deliberate encounter exception only applies "'where the possessor [of land] has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.'" *Id.* at 909 (quoting *Bruns*, 21 N.E.3d at 691). This exception has typically been applied in cases involving economic compulsion, "such as when a plaintiff 'is forced to choose between facing danger and neglecting his duties' to an employer.'" *Id.* (quoting *Atchley v. Univ. of Chicago Med. Ctr.*, 64 N.E.3d 781, 791 (Ill. App. Ct. 2016)). In the retail setting, even where there is no other way to access merchandise than to proceed down a precarious path, the exception is unlikely to apply because patrons have available the option of asking store employees for help. *See, e.g.*, *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 649 (Ill. App. Ct. 2010) (finding exception inapplicable to shopper who injured his leg walking across wooden pallet to access merchandise because plaintiff "could have gone into the store and asked for assistance"). In this case, there were store employees available to assist Plaintiff and she had an easily accessible

alternative route that did not present any hazard. Therefore, the Court finds the deliberate encounter exception inapplicable to this case.

The second exception to open and obvious hazards is distraction. The distraction exception applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Dunn*, 880 F.3d at 908(quoting *Bruns*, 21 N.E.3d at 691). This exception only applies "where evidence exists from which a court can infer that plaintiff was actually distracted." *Bruns*, 21 N.E.3d at 772. While the "mere fact of looking elsewhere does not constitute a distraction," cases hold that a distraction may exist if (a) there is another hazard known to the defendant and that hazard was the reason why the plaintiff was not looking at the open and obvious hazard that injured them, or (b) some other task reasonably foreseeable to defendant required the plaintiff's attention. *See id.* at 773–74 (collecting cases).

In this case, Plaintiff has argued that she was distracted by Home Depot's flower displays. Plaintiff testified during her deposition that she was looking at flowers to her left at the time she approached the hose ramp, and therefore did not see it. Plaintiff also submitted expert testimony and the testimony of a Home Depot employee suggesting that Home Depot flower displays are staged at different levels for the purpose of drawing customer attention away from the ground. Doc. 87 at 7. While a reasonable jury could certainly conclude that Plaintiff was merely looking elsewhere and not distracted within the meaning of the law, the Court believes that Plaintiff has presented enough evidence which when viewed in the light most favorable to her establishes a genuine question of fact. *See, e.g.*, *Savage v. Ritchie Bros. Auctioneers (Am.)*, No. 10 CV 446, 2012 WL 1520710, at *4 (N.D. Ill. Apr. 30, 2012) (finding evidence that customer was focusing on the merchandise on display constituted question of fact as to

distraction); *Keedi v. Menard*, 20-cv-50375, 2021 WL 5759272, at *4 (N.D. Ill. Dec. 3, 2021) (finding that question of fact existed as to whether "customers will become distracted by looking at the items on the shelves" of defendant's store such that store "should reasonably foresee that its customers might trip over items left in the aisle"); *Williams v. Walmart Inc.*, 18-c-1356, 2019 WL 2357043, at *4 (N.D. Ill. June 4, 2019) (denying summary judgment where "a reasonable jury could find that [plaintiff's] focus on the merchandise distracted her from" the hazard she had already seen); *see also* Restatement (Second) of Torts § 343A, cmt. f. illus. 2 (1965) ("The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B."). Thus, Plaintiff has established a genuine question of fact as to whether the distraction exception applies.

Application of an exception to the open and obvious rule would mean that the first two factors of the duty analysis, foreseeability and likelihood of injury, weigh against Home Depot. *See Dunn*, 880 F.3d at 908. The remaining two factors do not weigh so heavily in Home Depot's favor that the Court can determine at this stage of the proceedings that Home Depot did not have a duty as a matter of law if the distraction exception applies. In arguing the third and fourth factors—the burden that defendant would incur, and the consequences of imposing that burden— Home Depot returns to the open and obvious rule to argue that because of the open and obvious nature of the hose ramp, the burden of providing warnings or supervision would be unjustified. Doc. 73 at 12. But the third and fourth factors of the duty analysis are not governed by application of the open and obvious rule. *See generally*, *Dunn*, 880 F.3d at 908 (explaining

mechanics of rule and exceptions' application). Moreover, some precedent exists to suggest that even where the open and obvious rule applies, at least the third factor might point in either direction depending on the specific facts of the case relevant to how onerous the duty would be. *Compare, e.g.*, *McCarty v. Menards*, 319 F. Supp. 3d 974, 988 (N.D. Ill. 2018), *aff'd sub nom. McCarty v. Menard, Inc.*, 927 F.3d 468 (7th Cir. 2019) (finding burden of protecting against open and obvious hazard too high where plaintiff tripped over the wooden base of a sign that became displaced such that it stuck out into walkway where the evidence did not establish when the sign became displaced such that protecting against the hazard would require constant monitoring of sign placement), *with, e.g.*, *Keedi v. Menard, Inc.*, No. 3:20-CV-50375, 2021 WL 5759272, at *5 (N.D. Ill. Dec. 3, 2021) (finding burden "simple and easy to fulfill" because employee left a box in a walkway and "could easily have done otherwise", and distinguishing *McCarty* on these specific facts). For these reasons, the Court considers it premature to decide that Home Depot did not owe Plaintiff a duty as a matter of law. As a result, Home Depot is not entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court denies Home Depot's motion for summary judgment.

Dated: May 29, 2025

_____
APRIL M. PERRY
United States District Judge